******************************************

The "officially released" date that appears near the be-
ginning of each opinion is the date the opinion will be pub-
lished in the Connecticut Law Journal or the date it was
released as a slip opinion. The operative date for the be-
ginning of all time periods for filing postopinion motions
and petitions for certification is the "officially released"
date appearing in the opinion.

All opinions are subject to modification and technical
correction prior to official publication in the Connecticut
Reports and Connecticut Appellate Reports. In the event of
discrepancies between the advance release version of an
opinion and the latest version appearing in the Connecticut
Law Journal and subsequently in the Connecticut Reports
or Connecticut Appellate Reports, the latest version is to
be considered authoritative.

The syllabus and procedural history accompanying the
opinion as it appears in the Connecticut Law Journal and
bound volumes of official reports are copyrighted by the
Secretary of the State, State of Connecticut, and may not
be reproduced and distributed without the express written
permission of the Commission on Official Legal Publica-
tions, Judicial Branch, State of Connecticut.
******************************************

# STATE OF CONNECTICUT *v.* RONALD RICKS
## (AC 41520)

Alvord, Moll and Norcott, Js.

*Syllabus*

The defendant, who had been convicted, on a plea of guilty, of felony murder, appealed to this court from the judgment of the trial court denying his motion to correct an illegal sentence. The defendant claimed that due process required that the state prove that he breached his initial plea agreement before it could enter into a second plea agreement with him. The defendant had agreed to plead guilty in exchange for his truthful testimony at the trial of his codefendant, or where, as here, the codefendant pleaded guilty without going to trial, the state would recommend a mandatory minimum sentence of twenty-five years of incarceration. After the trial court permitted the defendant to withdraw a motion he had filed to withdraw his initial guilty plea, the court vacated the defendant's initial plea. The defendant then pleaded guilty to felony murder, after which the court accepted the state's recommendation that it impose a sentence of thirty years of incarceration. *Held* that the judgment of the trial court denying the defendant's motion to correct an illegal sentence was affirmed; the trial court having fully addressed the arguments raised in this appeal, this court adopted the trial court's well reasoned decision as a proper statement of the relevant facts and applicable law on the issues.

Argued September 19—officially released November 5, 2019

*Procedural History*

Substitute information charging the defendant with the crimes of felony murder, robbery in the first degree and conspiracy to commit robbery in the first degree, brought to the Superior Court in the judicial district of Fairfield, where the defendant was presented to the court, *Comerford, J.*, on a plea of guilty to felony murder; judgment in accordance with the plea; thereafter, the court, *Devlin, J.*, denied the defendant's motion to correct an illegal sentence, and the defendant appealed to this court. *Affirmed.*

*Ronald Ricks*, self-represented, the appellant (defendant).

*Michele C. Lukban*, senior assistant state's attorney, with whom, on the brief, were *John C. Smriga*, state's attorney, and *C. Robert Satti, Jr.*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Ronald Ricks, appeals from the judgment of the trial court denying his motion to correct an illegal sentence. On appeal, the defendant claims that the trial court improperly concluded that he had breached his initial plea agreement with the state and that his sentence was not illegally imposed. Specifically, the defendant asserts that due process requires the state to prove, by a preponderance of evidence, that he was in breach of the initial plea agreement before the state could enter a second plea agreement. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. On April 9, 1999, the state offered, and the defendant accepted, a plea agreement in which the defendant agreed to plead guilty to the charge of felony murder in violation of General Statutes § 53a-54c, for crimes committed on December 12, 1997, and to testify truthfully in his codefendant's trial, or, in the alternative, if his codefendant pleaded guilty without going to trial, the state would recommend the mandatory minimum sentence of twenty-five years of incarceration. The plea agreement also contained the stipulation that if the defendant refused to testify or did not testify truthfully, the state would recommend a more substantial sentence. The codefendant referred to in the plea agreement ultimately pleaded guilty, without going to trial, on April 15, 1999.

On or before May 25, 1999, the defendant filed a grievance against his original attorney for alleged misrepresentations and requested that a new attorney be assigned to his case. At about the same time, the defendant filed a motion to withdraw his guilty plea, as he believed he was induced, by his original attorney, to accept the initial plea agreement. When the defendant filed the motion to withdraw, the prosecutor forewarned the defendant that his sentence would likely be increased, stating in relevant part, "I'm quite confident that if [the defendant] is successful in anything, it's going to be successful in, by the end of July, having himself about [a] ten to fifteen more year sentence that he already has secured for himself." Thereafter, the court appointed a substitute assigned counsel for the remainder of the defendant's case.

On June 18, 1999, the court held a sentencing hearing for the defendant. At the hearing, the defendant, having had a "change of heart," orally moved to withdraw his motion to withdraw the guilty plea. The court permitted the withdrawal of such motion. Immediately thereafter, the court vacated the defendant's initial plea. Subsequently, the defendant pleaded guilty to felony murder. Accepting the state's recommendation, the court sentenced the defendant to thirty years of incarceration, twenty-five of which is the mandatory minimum.

On March 19, 2001, the defendant filed a petition for a writ of habeas corpus alleging ineffective assistance of counsel, which was denied by the habeas court on June 28, 2004. Thereafter, the defendant filed a motion to correct an illegal sentence with the trial court. A hearing on the motion was held on December 13, 2017. Subsequently, the trial court, *Devlin*, *J.*, denied the motion on February 20, 2018. This appeal followed.

Our examination of the record on appeal and the briefs and arguments of the parties persuades us that the judgment of the trial court should be affirmed. The trial court's memorandum of decision fully addresses the arguments raised in the present appeal, and we adopt its concise and well reasoned decision as a proper statement of the relevant facts and applicable law on the issue. See *State* v. *Ricks*, Superior Court, judicial district of Fairfield, Docket No. CV-97-135273 (February 20, 2018) (reprinted at 194 Conn. App.    ,    A.3d    ). It serves no useful purpose for us to repeat the discussion contained therein. See, e.g., *Furka* v. *Commissioner of Correction*, 21 Conn. App. 298, 299, 573 A.2d 358, cert. denied, 215 Conn. 810, 576 A.2d 539 (1990).

The judgment is affirmed.

———————————————